GLD-295                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3286
_____

IN RE: HENRY CHRISTOPHER STUBBS, III,

Petitioner
_____

On a Petition for Writ of Prohibition from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-10-CV-01849)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 27, 2012

Before: FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: October 04, 2012)
_____

OPINION
_____

PER CURIAM

Henry Christopher Stubbs, III, is a Pennsylvania state inmate who petitions the

Court pro se, seeking a writ of prohibition. We will deny relief.

Stubbs filed in the District Court an amended habeas petition on September 2,

2010, in which he made numerous claims of ineffective assistance of counsel, alleged a

Brady violation, see Brady v. Maryland, 373 U.S. 83 (1963), and argued that the state

collateral relief proceedings violated due process. On August 10, 2012, Stubbs sought to

1

compel the District Court to transfer his habeas petition to this Court for disposition, alleging that the District Court had failed to timely render final judgment.[1]

The writ power of the federal courts is an extraordinary remedy, used to "compel [an inferior court] to exercise its authority when it is its duty to do so." Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976).[2]  A petitioner seeking relief "must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

"[M]atters of docket control" are left to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nevertheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79 (concluding that a months-long delay in

---

[1] To the extent Stubbs also claims that the District Court lacked jurisdiction to adjudicate his habeas petition, such claim is clearly without merit.  "The plain language of the habeas statute … confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); 28 U.S.C. § 2241(a). Thus, jurisdiction over Stubbs' habeas petition properly lies in the Middle District of Pennsylvania.

[2] Although Stubbs' specific prayer for relief requests a writ of prohibition, it could be more accurately classified as a writ of mandamus, because he asks us to mandate District Court action.  Nevertheless, the form of his request does not affect the relief requested. In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (noting the historical distinction between writs of mandamus and prohibition, but concluding that the "form [of request] is less important than the substantive question of whether an extraordinary remedy is available").

disposing of petitioner's underlying habeas petition was a matter of concern but denying mandamus relief without prejudice to petitioner's right to again seek relief if delay should extend beyond one year).

Subsequent to Stubbs' petition for writ of prohibition, on September 18, 2012, the District Court issued a comprehensive memorandum and order, granting Stubbs de novo review regarding one of his habeas claims and denying his petition in all other respects.[3] The District Court also directed the respondents to expand the record by filing the complete trial transcript on or before October 15, 2012, and it directed all parties to fully brief the merits of Stubbs' claim on or before November 1, 2012. Thus, the District Court has advanced the final resolution of Stubbs' habeas petition, and we are confident it will promptly issue a final order at the conclusion of its de novo review. Under these circumstances, we decline to find that the District Court has failed to exercise its jurisdiction. Kerr, 426 U.S. at 402; Madden, 102 F.3d at 79.

For these reasons, we will deny Stubbs' petition. Regarding those claims denied by the District Court, we will deny his petition as moot. As for the remaining claim, our denial is without prejudice to his filing another petition should the District Court not take action in a timely manner.

---

[3] The District Court granted de novo review of Stubbs' claim that counsel was ineffective for failing to introduce certain scientific evidence helpful to Stubbs' defense.